IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Park W. Little, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **COMPEL WITHOUT PREJUDICE** |
| vs. | ) | |
| | ) | |
| Charles A. Rummel, Stewart Stenberg, | ) | |
| Matthew Kolling, and Clarence A. | ) | |
| Tuhy, in their official and individual | ) | |
| capacities; City of Dickinson, ND; County | ) | Case No. 1:12-cv-113 |
| of Stark, ND, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is a Motion to Compel filed by plaintiff on May 31, 2013. Plaintiff is seeking an order from the court compelling Defendants Rummel, Stenberg, Kolling, and the City of Dickinson to (1) answer the Interrogatories he served upon them on February 28, 2013, and (2) produce the 2007 edition of the City of Dickinson's Employee Handbook/Manual.

Defendants Rummel, Stenberg, Kolling, and the City of Dickinson filed a response in opposition to plaintiff's motion on June 10, 2013. First, they aver that, when counting the subparts, plaintiff's Interrogatories far exceed the number permitted by the court's scheduling order. Second, they aver that they were willing work with plaintiff to resolve this issue without involving the court. Third, they aver that plaintiff's motion is premature to the extent that he filed it before contacting the court.

The court previously ordered that the following steps be undertaken by all parties <u>prior</u> to the filing of any discovery motions:

    1)     The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention. In that regard, the

      parties are first required to confer and fully comply with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention;

2)     In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute prior to the filing of any motions. The parties shall exhaust the first two steps of the process before any motions, briefs, memorandums of law, exhibits, deposition transcripts, or any other discovery materials are filed with the Court.

3)     If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court (Magistrate Judge) will entertain a motion to compel discovery, motion for sanctions, motion for protective order, or other discovery motions. In connection with the filing of any such motions, the moving party shall first fully comply with all requirements of Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37.1 and shall submit the appropriate certifications to the Court as required by those rules.

4)     The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute and all of the above-identified steps have been strictly complied with. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

(Docket No. 15).

      Plaintiff did not endeavor to schedule a telephonic conference with the undersigned prior to filing his Motion to Compel. Moreover, he did not certify in his Motion to Compel to having made a good faith effort to confer with Defendants Rummel, Stenberg, Kolling, and the City of Dickinson. His Motion to Compel (Docket No. 26) is therefore **DENIED** without prejudice.

    **IT IS SO ORDERED.**

    Dated this 25th day of June, 2013.

                                                        */s/ Charles S. Miller, Jr.*
                                                        Charles S. Miller, Jr.
                                                        United States Magistrate Judge