# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Parke W. Little, | ) |
|       Plaintiff, | ) **ORDER GRANTING** |
| | ) **MOTIONS FOR COSTS** |
| vs. | ) |
| | ) |
| Charles A. Rummel, Stewart Stenberg, | ) |
| Matthew Kolling, and Clarence A. Tuhy, | ) |
| in their official and individual capacities; | ) |
| City of Dickinson, North Dakota; and | ) |
| County of Stark, North Dakota; | ) Case No. 1:12-cv-113 |
| | ) |
|       Defendants. | ) |

Before the court are two requests for an award of costs. The first is a request by defendants Clarence A. Tuhy and County of Stark, North Dakota (the "County Defendants") (Doc. No. 78) filed on June 18, 2014. The other is a request filed by defendants Charles A. Rummel, Stewart Stenberg, Matthew Kolling, and the City of Dickinson, North Dakota (the "City Defendants") (Doc. No. 80) filed on the same date. In both, the requests are limited to those costs that are ordinarily taxable in federal court pursuant to Fed. R. Civ. P. 54(d)(1).

Under Fed. R. Civ. P. 54(d), "[a] prevailing party is presumptively entitled to recover all of its costs." In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005). The court in its discretion may deny costs but it must have a good reason for doing so and must express this reason in its order. See, e.g., Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006) (court must articulate reason for denying costs); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995) (court has substantial discretion in deciding whether to award costs). In addition, the

award of costs must fit within 28 U.S.C. § 1920, which enumerates the costs that a district court may tax. Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 601 (8th Cir. 2009).

Plaintiff objects to defendants' request for costs. He contends they are in a better position to bear the burden of the costs. He also argues that the issues were close and that he otherwise proceeded in good faith. However, after considering all of the necessary factors and relying primarily upon (1) the presumption that the prevailing party is entitled to costs, (2) the fact plaintiff's case was not strong, particularly with respect to the County defendants, and (3) the fact plaintiff is not indigent by his own admission, the court will award the costs in the total amount of $670.90 to the County Defendants and $1087.60 to the City Defendants. These sums exclude the amounts requested for attorney mileage to attend depositions since it is not a compensable cost under 28 U.S.C. § 1920 and the parties have not argued for costs beyond what normally can be awarded absent a cost and fee shifting statute.

Based on the foregoing, the requests by defendants for an award of costs (Doc. Nos. 78 & 80) are **GRANTED IN PART**. Defendants Clarence A. Tuhy and County of Stark are jointly awarded the sum of $670.90 in costs. Defendants Charles A. Rummel, Stewart Stenberg, Matthew Kolling, and the City of Dickinson are jointly awarded the sum of $1087.60 in costs. The clerk shall amend the judgment accordingly.

**IT IS SO ORDERED**.

Dated this 12th day of September, 2014.

> /s/ Charles S. Miller, Jr.
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court